**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID MURILLO,

*Petitioner*,

v. No. 2:26-cv-01401-SMD-KK

TODD BLANCHE, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner David Murillo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), Respondents' Motion to Dismiss (Doc. 7), and Petitioner's subsequent requests for release (Docs. 11, 13, 18). The Court has reviewed the parties' submissions, the record, and the relevant law. For the reasons explained below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Costa Rica who entered the United States as a nonimmigrant visitor on December 5, 1997, when he was a child. His authorized stay expired on June 4, 1998. Immigration and Customs Enforcement ("ICE") apprehended him on August 21, 2025, and placed him in immigration detention on August 23, 2025. Respondents acknowledge that his detention is governed by 8 U.S.C. § 1226(a). Doc. 7 at 1–2.

On August 23, 2025, ICE issued a custody determination directing Petitioner's detention, and Petitioner requested review by an immigration judge. Doc. 7-4. A custody proceeding scheduled for October 7, 2025, resulted in "no action." Doc. 7 at 2–3. Respondents acknowledged that the reason for that disposition was unclear. *Id.* at 3 n.3.

Petitioner subsequently sought bond review through immigration counsel. Doc. 9 at 4–7. On May 26, 2026, an immigration judge entered another custody disposition marked "Other: NO ACTION," and both parties waived appeal. Doc. 15-1 at 1–2. Respondents later represented, upon information and belief, that Petitioner was unprepared to present evidence and was permitted to withdraw his request rather than receive an adverse bond determination. Doc. 17 at 2. The record does not independently establish the circumstances of that withdrawal. Neither proceeding produced a substantive custody ruling.

On July 15, 2026, an immigration judge found Petitioner removable, denied cancellation of removal, and granted voluntary departure with an alternative removal order. Doc. 15-2. The available Executive Officer for Immigration Review ("EOIR") case information[1] reflects a pending appeal of the decision received September 28, 2026.

The record also reflects a December 2014 shoplifting arrest, a December 2016 domestic-battery arrest, and an August 2025 traffic charge. Docs. 7-2; 17-2. Petitioner represents that the older matters were dismissed. Doc. 18 at 1. Respondents report that adjudication was withheld on the shoplifting charge and that the domestic-battery charge was dropped. Doc. 17-2. Respondents do not invoke mandatory detention under § 1226(c), and the Court need not resolve the disputed criminal dispositions.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional

---

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseinformation/ (last visited on Nov. 9, 2026, using Petitioner's A-number and nationality).

bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I. Exhaustion

Respondents argue that Petitioner failed to exhaust administrative remedies. Doc. 7 at 4. Although administrative exhaustion is generally required in § 2241 proceedings, it is prudential and the Tenth Circuit recognizes an exception when exhaustion would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203–04 (10th Cir. 2010).

Under 8 C.F.R. § 1003.19(A)–(B), an immigration judge may review an initial DHS custody determination upon request. a subsequent request following an initial immigration judge bond redetermination ordinarily requires materially changed circumstance. *Id*. § 1003.19(e)

Petitioner sought custody review shortly after detention began and again through counsel. Neither custody proceeding resulted in a substantive determination, and Petitioner remains detained more than 14 months later. His present claim challenges the constitutionality of continued confinement without individualized review. Under these circumstances, the Court finds that balancing of the interests of the individual in retaining prompt access to a judicial forum against the countervailing institutional interests favors waiver of the exhaustion requirement. *See Jimenez Chacon v. Lyons*, 811 F. Supp. 3d 1299, 1312 (D.N.M. 2025).

**II. The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights**

Section 1226(a) permits detention pending removal proceedings and authorizes release on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2). Respondents concede that § 1226(a) governs Petitioner's detention. The Court therefore will not address any unasserted basis for mandatory detention.

The Fifth Amendment protects the fundamental liberty interest in freedom from physical confinement. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Although the Government may detain noncitizens during removal proceedings, civil detention remains subject to constitutional limits. *Id.* at 690–92; *Demore*, 538 U.S. at 527–31. *Jennings* rejected an automatic statutory requirement for periodic bond hearings under § 1226(a) but left constitutional challenges to prolonged detention unresolved. 583 U.S. at 303–04, 312. As the Tenth Circuit has recognized, civil detention requires a sufficiently strong governmental justification. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249–50 (10th Cir. 2026). Although *Santillan Quiroz* concerned the statutory basis for immigration detention and did not resolve the petitioner's constitutional claim, its discussion of the liberty interests implicated by civil detention informs the Court's analysis. 180 F.4th at 1249–50.

The Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted).

Here, Petitioner has been detained for over 14 months without a documented substantive custody determination. He requested review shortly after detention began and again through counsel. The resulting proceedings produced no custody ruling, and the subsequent removal decision did not address the necessity of continued detention. The Court acknowledges Respondents' explanation that Petitioner was permitted to withdraw his May 26 request. Nevertheless, the record establishes prolonged confinement without a substantive individualized determination of whether continued detention remains necessary.

The Court does not adopt a categorical time limit for detention under § 1226(a) nor conclude that the absence of a custody ruling, standing alone, establishes a constitutional violation. Rather, the Court considers the duration of confinement, Petitioner's documented efforts to obtain custody review, and the absence of a substantive individualized determination addressing the necessity of continued detention. Considering these circumstances together, the Court concludes that Petitioner's continued detention without constitutionally adequate custody review violates due process.

The remaining question is the appropriate remedy. In *Santillan Quiroz*, the Tenth Circuit directed the Government to provide a bond hearing within seven days or release the petitioner. 180 F.4th at 1251 n.13. In *Devkota v. Warden*, this Court ordered release after approximately 17 months of detention, including 15 months following an immigration judge's initial bond denial. No. 1:26-cv-02652-SMD-JFR (D.N.M. Sept. 11, 2026), Doc. 8 at 4–5. In *Devkota*, the

Government offered no evidence establishing a continuing need for detention. The circumstances here differ because Petitioner has not received an adverse substantive custody determination, and Respondents have submitted information concerning his prior conduct. Nevertheless, neither documented custody proceeding produced an individualized determination supporting his continued confinement.

Petitioner remains confined without individualized review of the necessity of continued detention. Under the particular circumstances presented, the Court concludes that requiring further detention pending another administrative proceeding would not adequately remedy the constitutional injury. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026).

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents' Motion to Dismiss (Doc. 7) is **DENIED**;
3) Respondents **SHALL** release Petitioner within 48 hours of entry of this order, without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment;
4) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;
5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or

other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;
7) This Order resolves all pending motions (Docs. 11, 13, 18);
8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**